

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

This Opinion
Affirms Opinion

# O-625-1

October 7, 1960

Honorable Donald E. Short
County Attorney
Wichita County
Wichita Falls, Texas

Opinion No. WW-948

Re: Validity of using
"pasters" in voting
for write-in candi-
dates.

Dear Mr. Short:

Your request for an opinion on the above-captioned
question reads as follows:

"I have had submitted to me a question of law
which is very important in view of the forthcoming
election. Due to the recent death of Commissioner
Haynes there will be several write-in candidates
for the office of County Commissioner, Precinct 4,
Wichita County, Texas.

"Several of these candidates have expressed
the intention of having stickers with their names
thereon printed so that the voter may paste the
sticker on the ballot instead of writing in the
candidate's name.

"I am familiar with your opinion No. O-6251
cited in the annotations of Article 6.06, Election
Code, Vernon's Annotated Civil Statutes, but I would
like to know if your opinion is the same in view of
Article 6.06 as amended by the 55th Legislature."

Attorney General's Opinion O-6251 (1944) held that a
person may not vote for a write-in candidate by pasting onto the
ballot a sticker bearing the candidate's name instead of writing
in the name of the candidate. This holding was based on Article
2979, Revised Civil Statutes of 1925, which, after providing for
certification of the name of a new nominee to the election board
where a nominee had died or declined his nomination and the
vacancy in the nomination had been filled, contained the following
provision:

"* * * If such declination or death occurs
after the ballots are printed, or due notice of
the name of the new nominee is received after such
printing, the official board charged with the duty
of furnishing election supplies shall prepare as
many pasters bearing the name of the new nominee as
there are official ballots, which shall be pasted
over the name of the former nominee on the official
ballot before the presiding judge of the precinct
indorses his name on the ballot for identification.
No paster shall be used except as herein authorized,
and if otherwise used the names pasted shall not be
counted." (Emphasis supplied.)

This provision, in identical language, now appears in Article
6.04 of the Election Code. You have asked in effect whether the
prohibition in this article was repealed or modified by the
amendment to Article 6.06 in 1957 (Ch. 338, Acts of the 55th Leg.,
1957, amending Articles 6.05, 6.06 and 13.09 of the Election Code).

The primary purpose of the 1957 amendatory act was to
eliminate the dual method for marking the ballot (placing an X
beside the name of the chosen candidate or scratching out the
names of all opposing candidates) which had been introduced in
the Election Code of 1951 and to restore the "scratch" method
as the only authorized method. The act also made certain other
changes in the provisions relating to the form of the ballot and
the directions for marking it, these changes being mainly by way
of clarifying or more accurately stating existing provisions. It
did not contain a repealing clause.

Article 6.06, as amended, reads as follows:

"Art. 6.06. How to mark ballot

"In all elections, general, special, or primary,
the voter shall mark out the names of all candidates
he does not wish to vote for. When party columns ap-
pear on a ballot, a voter desiring to vote a straight
ticket may do so by running a line with a pencil or
pen through all other tickets on the official ballot,
making a distinct marked line through all tickets not
intended to be voted; and when he desires to vote a
mixed ticket, he shall do so by running a line through
the names of such candidates as he desires to vote
against. If the name of the person for whom the voter
wishes to vote is not printed on the ballot, the voter
shall mark through the names which appear on the ballot
in that race and shall write in the name of the candi-
date for whom he wishes to vote in a general election

in the write-in column under the appropriate office title, and in a primary or special election in an appropriate space under the title of the office.

"The failure of a voter to mark his ballot in strict conformity with these directions shall not invalidate the ballot, and a ballot shall be counted in all races in which the intention of the voter is clearly ascertainable."

The last paragraph of Article 6.06 was added by the 1957 amendment, and is the provision prompting your opinion request. This paragraph is a legislative expression that the provisions of the preceding paragraph are directory and that a ballot shall be counted if the intention of the voter is clearly ascertainable although not marked "in strict conformity" with the manner outlined in that article. Cf. Moore v. Plott, 206 S.W. 958 (Tex.Civ.App. 1918); Longoria v. Longoria, 278 S.W.2d 885 (Tex.Civ.App. 1955); and Trout v. Loe, 325 S.W.2d 191 (Tex.Civ. App. 1959). In our opinion, the last paragraph of Article 6.06 states a rule of construction to be applied to the provisions of Article 6.06, and it does not authorize the counting of any vote which has been cast in a manner expressly prohibited by some other statute. It does not repeal or modify the provision in Article 6.04 prohibiting the use of pasters and the counting of names on pasters where their use is not expressly authorized in Article 6.04. The holding in Opinion 0-6251 is still a correct statement of the law on the use of pasters in voting for write-in candidates.

## SUMMARY

The rule of construction stated in the last paragraph of Article 6.06 of the Election Code, as amended in 1957, did not repeal or modify the prohibition against the use of pasters on official ballots and the counting of names on pasters where their use is not expressly authorized by Article 6.04 of the Election Code. A voter is not permitted to vote for a write-in candidate by pasting onto the ballot a sticker or paster bearing the candidate's name, and votes cast for a write-in candidate in this manner cannot be counted.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. Dean Davis
J. C. Davis, Jr.
Riley Eugene Fletcher
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY:    Leonard Passmore